IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE MAN'S HAT SHOP,

      Plaintiff,

v.                                                            Case No. 1:20-cv-01093-JAP-LF

TWIN CITY FIRE INSURANCE COMPANY,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant Twin City Fire Insurance Company's ("Twin City") Motion to Compel Non-Party All Star Public Adjusters, LLC, filed on March 3, 2021. Doc. 24. Twin City filed a certificate of service on March 12, 2021, certifying that a copy of the motion to compel was personally served on Caid Riggin, a member of All Star Public Adjuster, LLC[1] ("All Star") on March 4, 2021. Doc. 25. All Star did not file a response to the motion. Although plaintiff, The Man's Hat Shop, indicated that it opposed the motion (*see* Doc. 24 at 3), plaintiff did not file a response to the motion. The time for filing responses has passed. D.N.M.LR-Civ. 7.4 (a response must be filed within 14 calendar days after service of the motion). Accordingly, Twin City filed a notice of completion of briefing on March 29, 2021. Doc. 26. Having read the motion and being fully advised, the Court finds that the motion is well taken in part and will GRANT it in part and DENY it in part.

Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties. FED. R. CIV. P. 45; *see also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to

---

[1] Records of the New Mexico Secretary of State show that Caid Riggin is a member of All Star. https://portal.sos.state.nm.us/BFS/online/corporationbusinesssearch/CorporationBusinessInformation (last visited 4/15/2021).

produce documents and tangible things or to permit an inspection."); *Simon v. Taylor*, Civ. No. 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45."). "Serving a subpoena requires delivering a copy to the named person," anywhere in the United States. FED. R. CIV. P. 45(b)(1). Proof of service, if necessary, "requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." FED. R. CIV. P. 45(b)(4). "If the subpoena commands the production of documents, . . . then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." FED. R. CIV. P. 45(a)(4).

This case arises from plaintiff's first-party insurance claim following a severe hail and wind event in July of 2018. Doc. 1-1. All Star is not a party to this lawsuit but performed services as a public adjuster[2] for plaintiff regarding the incident at issue in this case. Doc. 24 at 1.

On January 15, 2021, Twin City served a subpoena on All Star commanding All Star to provide certain documents no later than January 29, 2021. Doc. 24 at 6–9. Twin City provided a proof of service establishing that service was made by Andrew Sanchez on All Star Public Adjusters LLC (Bobby Lucero) with the date of service as January 15, 2021. Doc. 24 at 11. Prior to serving the subpoena, Twin City provided notice and a copy of the subpoena on plaintiff's counsel by email. Doc. 24 at 14. All Star produced documents in response to much of

---

[2] A "'public adjuster' means an adjuster who acts or aids, solely in relation to first-party claims arising under insurance contracts that insure the real or personal property of the insured, on behalf of an insured in negotiating for, or effecting the settlement of, a claim for loss or damage covered by an insurance contract." N.M. Stat. Ann. § 59A-13-2(6). New Mexico's Insurance Code regulates contracts between public adjusters and insureds, and requires that public adjusters be licensed. *See* N.M. Stat. Ann. §§ 59A-13-3; 59A-13-15.

the subpoena; however, it did not produce documents or otherwise respond to items 7 or 8. Doc. 24 at 2. Accordingly, on February 3, 2021, Twin City made a good faith effort to resolve the deficiency. Doc. 24 at 17–18. All Star did not respond to Twin City's efforts.

Twin City filed its motion to compel on March 3, 2021,[3] noting plaintiff's opposition. Doc. 24 at 3. In addition to filing the motion, Twin City served the motion on All Star (Caid Riggin) on March 4, 2021. Docs. 24, 25 at 1–3. Despite its opposition to the motion, plaintiff did not file a response. After being served with the motion, All Star did not file a response. The time to respond has now passed. D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, both plaintiff and All Star have consented to the Court granting the motion.

In its motion, Twin City requests that this Court compel All Star to fully respond to Twin City's subpoena by producing "1) Any and all communications between All Star and McClenny, Mosely & Associates, PLLC in the last five (5) years, and 2) Any and all invoices and/or payment records sent by or to All Star to or from McClenny, Mosely & Associates, PLLC in the last five (5) years." Doc. 24 at 3, 13. All Star was served with the motion and failed to respond. Consequently, the Court will GRANT Twin City's motion to compel All Star's full response to the subpoena.

In addition to compelling documents from All Star, Twin City requests that this Court hold All Star in contempt of court for failing "without adequate excuse to obey the subpoena."

---

[3] "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or permit an inspection." FED. R. CIV. P. 34(c).

Doc. 24 at 3 (quoting FED. R. CIV. P. 45(g)).  Further, Twin City asks the Court for an award of attorney's fees and costs.  Doc. 24 at 3.  The Court will deny the request for contempt but will otherwise grant Twin City's motion.

Federal Rule of Civil Procedure 45(g) provides that a court "*may* hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it."  FED. R. CIV. P. 45(g) (emphasis added).  The 2013 Advisory Committee Note for this subsection explains however, that,

> [i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.  Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.  Disobedience of such an order may be treated as contempt.

FED. R. CIV. P. 45(g), Advisory Committee Note to 2013 Amendment; *see also* 9A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2465 (3d ed. 1999) (October 2020 update) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.").  Thus, courts have abstained from holding a nonparty in contempt under Rule 45(g) in the absence of a court order to comply with a subpoena.  *See, e.g.*, *Duffy v. Lawrence Mem'l Hosp.*, Civ. No. 2:14-2256 SAC/TJJ, 2017 WL 1806429, at *2 (D. Kan. May 5, 2017) (denying party's request for sanctions against nonparty witness who failed to comply with subpoena to appear for deposition); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [Rule 45], there must be a court order compelling discovery.  A subpoena, obtainable as of course from the Clerk of the Court or issued by an attorney without any court involvement, is not of the same order as one issued by a judicial officer in the resolution of a specific dispute.") (citation omitted).

This case does not present the "rare" set of circumstances that would lead the Court to impose contempt sanctions without first ordering compliance with the subpoena at issue. Here, All Star partially responded to the subpoena without judicial intervention. The Court will deny Twin City's request for contempt sanctions at this time. Should All Star fail to abide by this Court's order in the future, the Court will consider contempt sanctions.

Nevertheless, in light of Twin City's thorough compliance with the Federal Rules of Civil Procedure to pursue the discovery it sought from All Star and its efforts to resolve this discovery dispute without the Court's intervention, the Court will award Twin City the costs and attorney's fees it incurred in bringing this motion. FED. R. CIV. P. 37(a)(5)(C) (if a motion to compel discovery is granted in part and denied in part, "the court may after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

IT IS THERERFORE ORDERED that Twin City's Motion to Compel Non-Party All Star Public Adjusters, LLC, filed on March 3, 2021 (Doc. 24) IS GRANTED IN PART and DENIED IN PART as follows:

1) Twin City's motion to compel documents is GRANTED. All Star must fully comply with subpoena items 7 and 8 and produce all requested communications and payment records no later than April 30, 2021. If All Star has not had any communications with McClenny, Mosely & Associates, PLLC, or sent any invoices to or received payment from McClenny, Mosely & Associates, PLLC, during the relevant time period, All Star must respond in writing to affirmatively state that no such records exist no later than April 30, 2021.

2) Twin City's request for contempt is DENIED.

3) Twin City's request for attorney's fees and costs is GRANTED. Twin City will submit a cost bill, including reasonable attorney's fees and costs no later than April 30, 2021. All Star will file any objections to the reasonableness of the requested fees and costs no later than May 14, 2021. A reply will not be allowed without the Court's permission.

_____
Laura Fashing
United States Magistrate Judge